# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN M. VILLAVICENCIO,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>NANCY BERRYHILL, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 11cv0836-LAB (MDD)<br><br>**ORDER AWARDING ATTORNEY'S FEES FOLLOWING REMAND** |

Following remand, Plaintiff Kathryn Fuller was awarded substantial retroactive Benefits. Plaintiff's counsel, Steven Rosales, then filed a motion for an additional fee award under their contingency contract. (Docket no. 27).

The motion seeks $18,124.48 in fees with a credit to Fuller for the $4,000 in Equal Access to Justice Act (EAJA) fees previously that were previously paid. Fuller was given notice and did not object.

Awards of attorney's fees for these Social Security claims are governed by 42 U.S.C. § 406(b), which allows for contingency fees to be paid out of the plaintiff's past due benefits, but only up to 25 percent of that amount. The Supreme Court held in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) that the Court should consider the character of the representation and the results achieved in determining what amount to award to attorneys. The Court further

held that district courts should look first to the contingency agreement, and (provided that there is no evidence of unfairness in the agreement) only reduce from the amount agreed to when the character of the representation and the results achieved did not warrant that amount in fees. *Id*. at 791. Finally, the Court held that the EAJA award should then be refunded to the plaintiff out of the contingency award, up to 100 percent of the original past-due benefits. *Id*. at 796.

The Ninth Circuit has held that the "lodestar" method (computing a reasonable hourly rate and multiplying by hours spent in representation) should only be used as an aid to determine what amount is reasonable, and considered hourly rates of $519, $875, and $902 reasonable rates. *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). *Crawford* disapproved of reducing fees based on a lodestone calculation. *Id*. at 1151.

This District's cases have found similar amounts reasonable, especially when the requested attorney's fees are less than the 25 percent amounts available under the law. See *Richardson v. Colvin*, 2017 WL 1683062 (S.D. Cal. 2017) (awarding an hourly rate of $770); *Macewen v. Colvin*, 2016 WL 6082308 (S.D. Cal. 2016) (awarding an hourly rate of $620); *Sproul v. Astrue*, 2013 WL 394056 (S.D. Cal. 2013) (awarding an hourly rate of "just under $800").

A few cases — including one in this District awarding fees to Rosales — have approved a much higher hourly rate, on the reasoning that higher past-due benefit amounts should yield a higher hourly rate to reflect the greater efficiency of the counsel and incentivize more efficient work by attorneys. *See Palmer v. Astrue*, 11cv942-JLS (BLM) (S.D. Cal., filed May 2, 2011) (Docket no. 29) (awarding Rosales a de facto hourly rate of $1643.20); *Kazanjian v. Astrue*, 2011 WL 287439 (E.D.N.Y. 2011) (awarding a de facto hourly rate of $2,100).

Rosales obtained an award for past-due benefits equaling $157,227.00. His agreement with Fuller provided that he would receive 25 percent of the total award as a contingency fee. Rosales' motion requests $39,306.00, which would amount to just under

/ / /

25 percent. Rosales and his paralegal recorded 23.1 hours spent on the case, none of which appears unnecessarliy duplicative.

Granting the full award would result in a de facto hourly rate of $1700,[1] which would be quite high in non-contingency cases in this District. Nevertheless, the results Rosales achieved were also unusually good, and the award was higher than most. Under these circumstances, the Court is unwilling to penalize Rosales for his efficiency. He represented his client effectively, and obtained good results in spite of opposition. There is no claim of an unfair agreement, and no evidence of undue delay. Furthermore, he could have requested administrative fees under 42 U.S.C. § 406(b), but agreed not to do so.

In this case, the Court finds that "the character of the representation and the results the representation achieved" do not warrant a reduction of the greed upon 25 percent fee award. *See Gisbrecht*, 535 U.S. at 808 . The Court **AWARDS** $39,306.00 in attorney's fees to Rosales. The Commissioner shall certify the fee of $39,306 payable to counsel, Law Offices of Lawrence D. Rohlfing. Out of this award, Rosales is to reimburse Fuller $4,000 for the EAJA fees previously paid.

**IT IS SO ORDERED**.

DATED: June 18, 2018

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Rosales calculates the rate at $1528.40, which is based on the award after the EAJA offset.